Amy W. Hoffman (022762)
Hoffman Legal, LLC
4742 N. 24th St. #300
Phoenix, AZ 85016
Tel: 623-565-8851
Email: ahoffman@hoffmanlegalaz.com

John Golaszewski*
The Casas Law Firm, PC
1740 Broadway, 15th Fl.
New York, NY 10019
Tele: 855-220-9626
Email: john@talentrights.law
*Pro hac vice application forthcoming

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Rockwell, a California resident; Lina Posada, a California resident; Lucy Pinder, a citizen of the United Kingdom; and Ursula Mayes, a California resident, as assignees of Tuscan, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Houston Specialty Insurance Co., a Texas corporation, <br><br> Defendant. | No. <br><br> **COMPLAINT** <br><br> **(Jury Trial Demanded)** |

Plaintiffs Jessica Rockwell, Lina Posada, Lucy Pinder, and Ursula Mayes, as assignees of Tuscan, Inc. (collectively, "Plaintiffs"), by and through their undersigned counsel, as and for their Complaint against defendant Houston Specialty Insurance Company ("Defendant" or "Houston"), respectfully allege as follows:

## INTRODUCTION

1. This is an action for breach of an insurance contract, for declaratory relief, and to collect a judgement entered in favor of Plaintiffs and against an entity insured by Houston, Tuscan, Inc. ("Tuscan").

2. Plaintiffs are four well-known and, in some cases, world-renowned professional models who initiated a lawsuit against Tuscan, which owned a strip club known as Tens in Phoenix, Arizona ("Tens" or the "Club").

3. The crux of Plaintiffs' allegations was that Tuscan had used Plaintiffs' images in advertisements for Tens to create the false impression with consumers that each Plaintiff was employed at the club, promoted or endorsed same, or was otherwise affiliated with same.

4. Plaintiff sued Tuscan in the U.S. District Court for the District of Arizona, Skinner v. Tuscan, Inc., Case No. 18-cv-319-TUC-RCC (the "Tuscan Action").

5. During times relevant to the Tuscan's use of Plaintiffs' images in advertising, it was insured by Houston.

6. Upon receiving the lawsuit, Tuscan timely tendered the defense of the Tuscan Action to Houston and sought indemnity from it.

7. In violation of its duties and obligations under its policy with Tuscan, Houston denied the request for defense and indemnification.

8. Following significant litigation, judgment was entered in favor of the Plaintiffs and others and against Tuscan in the amount of three hundred thousand dollars ($300,000) (the "Tuscan Judgment"). *See* Exhibit A.

9. In connection with the Tuscan Judgment, Tuscan assigned all claims it had against Houston to Plaintiffs.

10. Plaintiffs now bring this direct action against Houston seeking compensation for the costs and expenses incurred in the Tuscan Action; a declaration that Houston owes Tuscan a defense and indemnity under the operative insurance policies; the full amount of

the Tuscan Judgment; all costs and disbursements; and all accruing interest, as set forth in more detail below.

## JURISDICTION & VENUE

11. This action seeks relief by reason of Houston's failure and refusal to defend and indemnify its policy holder, Tuscan.

12. This Court has general personal jurisdiction over Houston because Houston conducts extensive business in the State of Arizona.

13. This Court possesses specific personal jurisdiction over Houston because Tuscan's insurance policy with Houston was entered into in Arizona, and the transactions complained of herein between Tuscan and Houston took place within the State of Arizona.

14. This Court has subject matter jurisdiction in this action through diversity of the parties under 28 U.S.C. § 1332. The sum in controversy exceeds $75,000, exclusive of interest and costs.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred within this judicial district.

## PARTIES

16. Plaintiffs are, and at all times relevant to this action have been, professional models who reside throughout the United States (though none reside in Arizona) and whose images were used by Tuscan in Arizona.

18. Plaintiff Jessica Rockwell ("Rockwell") is a well known professional model, and a resident of Los Angeles County, California.

19. Plaintiff Lina Posada ("Posada") is a well-known professional model, and a resident of San Bernardino County, California.

20. Plaintiff Lucy Pinder ("Pinder") is a well-known professional model and a resident of the United Kingdom.

21. Plaintiff Ursula Mayes ("Mayes") is a well-known professional model and a resident of Orange County, California.

22. Upon information and belief, defendant Houston is a corporation formed and operating under the laws of the State of Texas is authorized to do business in the State of Arizona and is doing business in the State of Arizona.

## FACTUAL ALLEGATIONS

23. Beginning in or around 2015, Tuscan secured and maintained a commercial general liability policy from Houston, identified as Policy No. HOSPK1003117-00 (the "Houston Policy").

24. In or around 2016, the Houston Policy was renewed under Policy No. HOSPK10031117-01.

25. The policy premium on the Houston Policy was a substantial sum of money, which was paid each year by Tuscan.

26. Tuscan have met every condition required in the Houston Policy.

27. As a result, the Houston Policy remained in full force and effect with respect to Tuscan during periods of time relevant to this action.

28. The Houston Policy includes coverage for "Personal and Advertising Injury" among its terms.

29. Pursuant to the terms of the Houston Policy, the definition of "Personal and Advertising Injury" includes, in part, injury arising out of "Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services."

30. Pursuant to the terms of Houston Policy, the definition of "Personal and Advertising Injury" includes, in part, "Oral or written publication, in any manner, of material that violates a person's right of privacy."

31. Pursuant to the terms of the Houston Policy, the definition of "Personal and Advertising Injury" includes, in part, "The use of another's advertising idea in your 'advertisement.'"

32. Pursuant to the Houston Policy, the definition of "Advertisement" means a:

> [N]otice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:
>
> a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and
>
> b. Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

33. None of the exclusions stated in the Houston Policy excuse Houston from its obligations to provide a defense and coverage to Tuscan.

34. In or around 2018, Plaintiffs commenced the Tuscan Action by filing a complaint against Tuscan.

35. All of the claims alleged by Plaintiffs against Tuscan are based on factual allegations that pertain to Tuscan's advertising activities and advertisements.

36. Following Plaintiffs filing of the complaint against Tuscan, which asserted several claims covered by the Houston Policy, Tuscan tendered the complaint to its insurance carrier, Houston.

37. Houston was provided timely notice of the Tuscan Action.

38. Houston denied defense and coverage to Tuscan.

39. Houston's denial was arbitrary and contrary to the facts of the complaint in the Tuscan Action and well-settled law.

40. Houston's denial of a defense to the Tuscan is without merit.

41. Plaintiffs specifically asserted a demand for monetary damages as a direct consequence of Tuscan's advertising activities that fall within covered offenses listed in the Houston Policy.

42. The allegations in the Tuscan Action trigger coverage within the provisions of the Houston Policy.

43. Plaintiffs' allegations in the Tuscan Action relate directly to the alleged disparagement of, and violation of the right of privacy of, Plaintiffs.

44. Such allegations and others by the Plaintiffs in the Tuscan Action trigger Houston's duty to defend and duty to indemnify the Tuscan.

45. Considering Houston's refusal, in breach of its agreement with Tuscan, to defend the Tuscan Action, Tuscan entered into a settlement agreement with Plaintiffs pursuant to which Tuscan assigned all rights it had in the Houston policies to Plaintiffs.

46. In connection with that settlement agreement, Tuscan consented to a judgment being entered against it in the amount of $300,000.

47. This amount was based on what a jury might reasonably award Plaintiffs, including the amount of attorneys' fees and costs a Court might reasonably award Plaintiffs.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

48. Plaintiffs repeat and incorporate by reference all allegations heretofore set forth herein.

49. Pursuant to the terms of Houston Policy, Houston was obligated to defend and indemnify Tuscan in the Tuscan Action.

50. Tuscan complied with all of its obligations under its agreement(s) with Houston.

51. Tuscan made a proper demand for coverage, defense, and compensation to Houston.

52. Tuscan submitted timely notice to Houston of the Tuscan Action.

53. Tuscan improperly refused to cover, defend and compensate Houston in connection with the Tuscan Action.

54. As a result, Houston has breached the terms of the Houston Policy.

## SECOND CAUSE OF ACTION
**(Declaratory Judgment)**

55. Plaintiffs repeat and incorporate by reference all allegations heretofore set forth herein.

56. An actual controversy arose between Houston and Tuscan concerning whether Houston had to defend and has a duty to indemnify Tuscan under the terms of its agreement with Tuscan.

57. By virtue of the foregoing, Plaintiffs seek a judicial determination concerning this issue.

58. A judicial determination is necessary and appropriate at this time so that the parties may proceed in accordance with their respective obligations and rights as determined by the Court.

## JURY DEMAND

59. Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Houston as follows:

A. With respect to Count I, for damages in an amount to be proven at trial;

B. With respect to Count II, for a judgment declaring that Houston has an obligation to defend and indemnify Tuscan.

C. For pre-judgment interest on all awards of damages; and

D. For such other and further relief as this Court deems just and proper.

Respectfully submitted this 13th day of January, 2023.

HOFFMAN LEGAL, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By: /s/ Amy Wilkins Hoffman
Amy W. Hoffman (022762)
Hoffman Legal, LLC
4742 N. 24th St. #300
Phoenix, AZ  85016
Tel: 623-565-8851
Email: ahoffman@hoffmanlegalaz.com

John Golaszewski*
The Casas Law Firm, PC
1740 Broadway, 15th Fl.
New York, NY 10019
Tele: 855-220-9626
Email: john@talentrights.law
*Pro hac vice application forthcoming

*Attorneys for Plaintiffs*